


UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LAURA J. MAKRAY,
12617 Brunswick Drive
Bowie, MD 20715,

Plaintiff,

v.

HILDA L. SOLIS,
Secretary Of Labor,
201 Constitution Avenue, N.W.,
Washington, D.C. 20210,

Defendant.

Civ. Action No.

Case: 1:12-cv-00520
Assigned To : Howell, Beryl A
Assign. Date : 4/4/2012
Description: Employ. Discrim.




**COMPLAINT AND DEMAND FOR JURY TRIAL**

**Preliminary Statement**

1.) Plaintiff Laura J. Makray is a highly skilled and singularly experienced Assistant Director/Senior Auditor (GS-14) employed in the Office of Audit ("OA") of the Office of Inspector General ("OIG"), of the U.S. Department of Labor ("DOL"). The OIG OA's managerial ranks are male-dominated, and their make-up was almost entirely male during the tenure of the former Deputy Assistant General for Audits ("DAIGA"), Michael Raponi, one of the central figures in this case.

2.) Ms. Makray has, in over 20 years of federal service as an auditor, personally conducted, supervised, and/or reviewed audits of all types conducted by DOL OIG and other government agencies; written national OIG audit policies and procedures; developed training for and provided training to DOL OIG audit teams and the audit community; and

served as an in-house expert in the audit profession and related technical fields.

3.) Ms. Makray is exceptionally experienced in the field of quality control at DOL OIG and other government agencies and originally served as the Assistant Director in the OA Office of Audit Quality Assurance ("OAQA"), the Headquarters office whose functions include monitoring and ensuring the quality of OIG audits nationwide.

4.) OIG senior management solicited Ms. Makray in 2007 to serve as the Assistant Director in a division that would be later named the DOL OIG Office of National Talent Pool and Training. There, Ms. Makray became responsible for OA training nationwide and remained actively engaged in OIG quality assurance processes and development of OIG policies and procedures nationwide.

5.) This case concerns defendant's failure to promote Ms. Makray to the position of Director (GS-15) of OAQA, Ms. Makray's former office, when it was posted as a vacancy on December 9, 2010, and defendant's selection of a demonstrably inferior male candidate.

6.) Ms. Makray was one of three internal candidates to apply for the position, the only one of these candidates who was female, and was referred to a three member panel who would conduct interviews and make the selection with the concurrence of one or more senior officials in OA. Former DAIGA Raponi headed that panel and was deeply involved in the selection process from that point forward.

7.) Ms. Makray's audit background and experience were far superior to the eventual selectee's and she was by far the most qualified candidate for the OAQA Director position.

8.) To ensure the selection of an inferior male candidate, former DAIGA Raponi detailed the eventual selectee into the position of acting Director of OAQA during the selection process, concealed his prior working relationship with the eventual selectee, and manipulated the interview and selection process. Former DAIGA Raponi and other senior officials of OA took these and other actions in order to discriminate against Ms. Makray on account of her sex.

9.) This case seeks redress for defendant's discrimination against Ms. Makray in not selecting her as the Director of the OIG OAQA. The case arises under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-16, and seeks: a.) declaratory and injunctive relief; b.) retroactive promotion to the position of Director of OAQA at the GS-15 level and placement into that position or one equivalent to it; c.) accompanying backpay and commensurate benefits; d.) compensatory damages; and e.) an award of the attorneys' fees and costs incurred in the prosecution of this action.

**Parties, Jurisdiction, And Venue**

10.) Plaintiff Laura J. Makray is, and at all times relevant was, a GS-14 Assistant Director/Senior Auditor employed by the Office of Inspector General of the U.S. Department of Labor ("DOL"). Ms. Makray is a Caucasian female and resides at the address recited in the caption of the original Complaint.

11.) Defendant Hilda L. Solis is the Secretary of Labor, the Cabinet officer who heads the U.S. Department of Labor. She is sued in her official capacity only. DOL is a department in the Executive Branch of the federal government, the mission of which is to foster,

promote, and develop the welfare of the wage earners, job seekers, and retirees of the United States; improve working conditions; advance opportunities for profitable employment; and assure work-related benefits and rights. The Office of Inspector General ("OIG") is the entity within DOL which has employed and does employ plaintiff. Its mission includes conducting audits to measure the efficiency and productivity of DOL programs, and to detect and remedy fraud, waste, and abuse by individuals and entities that provide services with grants funded by DOL.

12.) Jurisdiction of this Court is based upon 28 U.S.C. §1332; and 42 U.S.C. §2000e-16 (incorporating by reference 42 U.S.C. §2000e-5(c)). Venue lies here pursuant to 42 U.S.C. §2000e-16 (incorporating by reference 42 U.S.C. §2000-5(f)(3)), because the actions of defendant at issue were taken by defendant's senior managers from their duty stations in this judicial district, where plaintiff is and would be employed.

## Statement Of Facts

### Background

13.) Plaintiff Laura J. Makray is employed as the Assistant Director (GS-14) by the Office of Audit ("OA") of the Office of Inspector General ("OIG") of the U.S. Department of Labor ("DOL") in its Office of National Talent Pool and Training.

14.) OIG's operational mission is divided into several offices. The one that is relevant here is the OIG OA, which conducts performance audits to review the effectiveness, efficiency, economy and integrity of all DOL programs and operations, including those

performed by contractors, grantees, and program offices within DOL. The purposes of OIG's audit work include determining whether these programs and operations are being conducted in compliance with applicable laws and regulations; whether DOL resources are being used efficiently and economically; and whether DOL programs achieve their intended results.

15.) DOL OIG is headquartered in a National Office in Washington, D.C., and its audits are conducted in the field around the country. OIG is headed by the Inspector General, at all times relevant Daniel Petrole on an acting basis, and the Deputy Inspector General, Mr. Petrole's permanent position. The audit activities of the Office of Audit are headed by the Assistant Inspector General for Audit ("AIGA"), who at all times relevant was Elliot Lewis. The operational functions of OA are largely the overall responsibility of the Deputy Assistant Inspector General for Audit ("DAIGA"), who until recently and at all times relevant, was Michael Raponi, subject to review by and final direction of the Inspector General and the Deputy Inspector General.

16.) Ms. Makray was originally hired by DOL OIG as an Assistant Director/Senior Auditor (GS-14) in OAQA in June of 2006. In that position, Ms. Makray performed no fewer than 20 quality assurance reviews of DOL OIG draft and final audits that were then issued by or authorized to be issued by the AIGA. Ms. Makray also ensured that these audits adhered to all auditing standards, policies and guidelines including, but not limited to, those specified in the Generally Accepted Government Audit Standards, by the Office of

Management and Budget, and by the Government Accountability Office ("GAO). Ms. Makray was also responsible for reviewing electronic audit work papers prepared during audits to ensure that they were in compliance with OA standards and policies and that all issues raised in electronic work papers were answered before an audit was issued. Ms. Makray was also responsible for the development and implementation of the OA Audits Policies and Procedures Handbook.

17.) Ms. Makray has, in over 20 years of federal service as an auditor, personally conducted, supervised, and/or reviewed numerous audits of all natures conducted by DOL OIG and elsewhere in the federal government; written DOL OIG audit policies and procedures; developed training for and provided training to DOL OIG audit staff and teams and the audit community; and served as an in-house expert in the audit profession and related technical fields including, but not limited to, statistical sampling, quality assurance, and other technical audit matters. Almost all of Ms. Makray's annual ratings have been at the highest level awarded by her agency, and she has received many commendations, awards, and cash bonuses.

18.) In recognition of Ms. Makray's superior service in quality assurance, in approximately September of 2007, AIGA Lewis solicited Ms. Makray for a new Assistant Director position now located in the OA Office of National Talent Pool and Training.

19.) After accepting AIGA Lewis's invitation, Ms. Makray became responsible for the large majority of training OA provides for its auditors in all areas of performance audits. The areas of audit expertise Ms. Makray deployed in that position have included, but were

not limited to, basic through advanced audit practices; audit planning and design; statistical methodology and sampling; audit documentation; and use and application of Generally Accepted Government Audit Standards and other standards in and to OA field audits. Ms. Makray became responsible for virtually all auditor training activities including, but not limited to, identifying training for all auditors in OA, identifying and training instructors; and arranging for the participation of outside contractors in OA training. Ms. Makray also remained actively engaged in all external peer reviews of OA and in the OA quality assurance process, and has been available as a senior technical resource for auditors in OAQA and throughout DOL OIG.

**SELECTION OF DIRECTOR OF OAQA**

20.) The position of OAQA Director, the OIG official who heads OAQA, became open in late November or early December when the previous Director was reassigned. For a brief period of time after the former Director's reassignment, defendant detailed Melvin Reid, the eventual selectee, into the position on an acting basis for the ostensible purpose of shoring up his credentials. Mr. Reid's detail did not improve his credentials in any meaningful sense for selection as Director on a permanent basis, and they were and remained demonstrably inferior to Ms. Makray's.

21.) Vacancy Announcement MS-1I-OIG-OA-10 for the position of OAQA Director (GS-15) was posted for the period December 9, 2010, through December 23, 2010.

22.) The Vacancy Announcement identified the following as among the Major Duties of the OAQA Director position: directing, planning,

organizing and managing the work of OAQA; supervising OAQA staff; providing technical direction and guidance to staff when problems arise during the conduct of audits; interpreting professional audit standards and government-wide audit policies specified in and by or the American Institute of Certified Public Accountants, Generally Accepted Government Auditing Standards, GAO and OMB, and translating these requirements into OIG OA wide audit policies; developing, implementing, and maintaining OA policies, procedures, and internal directives and ensuring that they are consistent with OIG policies, departmental regulations, professional standards, and federal statutes; and providing guidance to audit peer review teams to ensure that auditing standards and procedures address and tracks corrective actions recommended and taken by OA components.

23.) Ms. Makray had markedly superior experience in all of these areas of audit work and had prior experience in command positions as an officer in the U.S. Army and the Maryland National Guard, where she earned the rank of Major.

24.) Ms. Makray, Mr. Reid, and the remaining candidate, Mark Lemke, were all referred to a three member panel for interviews that would make the selection with the concurrence of one or more senior officials in OA. The panel was headed by former DAIGA Raponi, who chose the two other panel members and was significantly involved in the selection process from that point forward. It conducted interviews on or about January 12, 2011.

25.) Defendant manipulated the selection process for the position of Director of OAQA by, among other ways, detailing Mr. Reid

into the Director position on an acting basis in advance of the selection process and exaggerating the importance of his detail; grossly understating the superiority of Ms. Makray's experience in quality assurance both as an Assistant Director in OAQA and in the OIG Office of National Talent Pool and Training; misstating the importance of Ms. Makray's experience in other critical audit functions including, but not limited to, training, peer reviews, and establishment of policies and procedures for OA in comparison to Mr. Reid's; destroying original panel notes and records from the selection process; disseminating misinformation during the panel and selection processes and withholding information from panel members and selecting officials; selecting Mr. Reid despite his prior working relationship with DAIGA Raponi in contravention of OIG OA policy and practice; and minimizing the importance of Ms. Makray's experience in command positions with the military.

26.) In these ways and others, defendant discriminated against Ms. Makray on the basis of her sex in passing over her for the position of Director of OAQA (GS-15) under Vacancy Announcement MS-1I-OIG-OA-10.

27.) Defendant employed no women in positions as Directors or at or above GS-15 in OA at the time it passed over Ms. Makray for promotion. The only two female Directors in OA during DAIGA Raponi's tenure resigned or retired. Both were replaced with male Directors.

**Exhaustion Of Administrative Remedies**

28.) Ms. Makray timely initiated the informal administrative EEO complaints process over being denied the position of Director of OAQA

on March 2, 2011. On June 1, 2011, Ms. Makray timely filed a formal administrative complaint of discrimination concerning the foregoing employment action, and there has yet been no final action by defendant on that complaint. With the foregoing actions and all others required of her by law and regulation, Ms. Makray exhausted administrative remedies available to her.

**COUNT I**
**(Sex Discrimination - Failure to Promote - Pretext)**

29.) Plaintiff repeats the allegations contained in paragraphs 1 through 28 above, as though fully set forth here.

30.) Defendant posted the position of OAQA Director (GS-15) in Vacancy Announcement MS-1I-OIG-OA-10 for the period December 9, 2010, through December 23, 2010.

31.) Plaintiff timely applied for the position of Director of OAQA, met all qualifications for the position, and was interviewed for the position.

32.) Plaintiff was obviously and markedly the best qualified candidate for the position of Director of OAQA.

33.) Defendant manipulated the selection process for the position of Director of OAQA by, among other ways, detailing the eventual selectee, Melvin Reid, into the Director position on an acting basis in advance of the selection process and exaggerating the importance of his detail; grossly understating the superiority of Ms. Makray's experience in quality assurance both as an Assistant Director in OAQA and in the OIG Office of Training and National Talent Pool; dismissing and misstating the importance of Ms. Makray's experience in other critical audit functions including, but not limited to,

training, peer reviews, and establishment of policies and procedures for OA in comparison to Mr. Reid's; destroying original panel notes and records from the selection process; disseminating misinformation during the panel and selection processes and withholding information from panel members and selecting officials; selecting Mr. Reid despite his prior working relationship with DAIGA Raponi in contravention of OIG OA policy and practice; and minimizing the importance of Ms. Makray's experience in command positions with the military.

34.) Effective on or about January 23, 2010, defendant passed over plaintiff for the position of Director of OAQA and instead selected Mr. Reid for the position.

35.) In not selecting plaintiff for the position of Director of OAQA, defendant took an adverse employment action against plaintiff.

36.) Defendant passed over plaintiff for the position of Director of OAQA under the pretext that Mr. Reid was better qualified than plaintiff in order to discriminate against plaintiff on the basis of her sex.

37.) Defendant violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-16, in taking the foregoing actions.

38.) Defendant's violation of plaintiff's civil rights caused her to suffer injury to her career and professional reputation, emotional pain, embarrassment, humiliation, mental anguish, inconvenience, anxiety, depression, and loss of enjoyment of life.

COUNT II
(Sex Discrimination - Failure to Promote - Mixed Motive)

39.) Plaintiff repeats the allegations contained in paragraphs 1 through 38 above, as though fully set forth here.

40.) Defendant posted the position of OAQA Director (GS-15) in Vacancy Announcement MS-1I-OIG-OA-10 for the period December 9, 2010, through December 23, 2010.

41.) Plaintiff timely applied for the position of Director of OAQA, met all qualifications for the position, and was interviewed for the position.

42.) Plaintiff was obviously and markedly the best qualified candidate for the position of Director of OAQA.

43.) Defendant manipulated the selection process for the position of Director of OAQA by, among other ways, detailing the eventual selectee, Melvin Reid, into the Director position on an acting basis in advance of the selection process and exaggerating the importance of his detail; grossly understating the superiority of Ms. Makray's experience in quality assurance both as an Assistant Director in OAQA and in the OIG Office of National Talent Pool and Training; dismissing and misstating the importance of Ms. Makray's experience in other critical audit functions including, but not limited to, training, peer reviews, and establishment of policies and procedures for OA in comparison to Mr. Reid's; destroying original panel notes and records from the selection process; disseminating misinformation during the panel and selection processes and withholding information from panel members and selecting officials; selecting Mr. Reid despite his prior working relationship with AIGA Raponi in contravention of

OIG OA policy and practice; and minimizing the importance of Ms. Makray's experience in command positions with the military.

44.) Effective on or about January 23, 2010, defendant passed over plaintiff for the position of Director of OAQA and instead selected Mr. Reid for the position.

45.) In not selecting plaintiff for the position of Director of OAQA, defendant took an adverse employment action against plaintiff.

46.) Plaintiff's sex (female) was a motivating factor in defendant's action to pass over plaintiff for the position of Director of OAQA in favor of Mr. Reid.

47.) Defendant violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-16, in taking the foregoing actions.

48.) Defendant's violation of plaintiff's civil rights caused her to suffer injury to her career and professional reputation, emotional pain, embarrassment, humiliation, mental anguish, inconvenience, anxiety, depression, and loss of enjoyment of life.

**PRAYER FOR RELIEF**

Wherefore, plaintiff Laura J. Makray respectfully requests that the Court enter judgment in her favor and award her the following relief.

A. An Order declaring that defendant violated plaintiff's rights under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-16, and restraining and enjoining defendant from further violations.

B. Retroactive promotion to the position of Director of the

DOL OIG Office of Quality Assurance as of January 23, 2011.

C. Assignment into the position of Director of the DOL OIG Office of Quality Assurance or an equivalent GS-15 position.

D. Backpay and benefits.

E. Record correction.

E. Compensatory damages in an amount to be determined at trial to compensate plaintiff for the emotional pain, embarrassment, humiliation, mental anguish, inconvenience, career loss, loss of professional reputation and career opportunities, and loss of enjoyment of life caused by defendant's unlawful actions.

F. The attorneys' fees and costs incurred by plaintiff.

G. Such other relief as may be just and appropriate.

**JURY DEMAND**

Plaintiff requests a trial by jury of all issues so triable.

Respectfully submitted,

Robert C. Seldon, Esq.
D.C. Bar No. 245100

Charlene Bofinger, Esq.
D.C. Bar No. 369979

Robert C. Seldon & Associates, P.C.
1319 F Street, N.W.
Suite 200
Washington, D.C. 20004
(202) 393-8200
Counsel for Plaintiff